IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SHARON PATRICE OGLETREE,        ) | |
| )  | |
| Plaintiff,      ) | |
| ) | |
| v.         ) | CIVIL ACTION NO. 5:12-CV-389 (MTT) |
| ) | |
| CAROLYN W. COLVIN, *Acting*   ) | |
| *Commissioner of Social Security*,  ) | |
| ) | |
| Defendant.     ) | |
| ) | |

## ORDER

This matter is before the Court on the Recommendation of Magistrate Judge Charles H. Weigle (Doc. 15) to affirm the Commissioner of Social Security's denial of the Plaintiff's application for benefits.  The Magistrate Judge found the Plaintiff is not entitled to relief pursuant to Sentence Four of 42 U.S.C. § 405(g) because both the Administrative Law Judge's ("ALJ") findings and the Commissioner's decision were based on substantial evidence.  The Plaintiff has objected to the Recommendation (Doc. 16), and the Commissioner has responded to the objection (Doc. 17).

The Plaintiff generally objects for the reasons stated in her brief in support of her Complaint (Doc. 12), but she specifically objects to the Magistrate Judge's conclusions regarding the ALJ's evaluation of medical opinions, alleging the Magistrate Judge was "overly deferential" (Doc. 16 at 1).   As in her brief, the Plaintiff continues to assert (1) the ALJ relied on one of Dr. McCard's[1] opinions yet rejected the other without adequate explanation, (2) the ALJ failed to adequately explain the weight given to the opinion of

---

[1] Dr. McCard is a treating physician.

Dr. DeGroot,[2] and (3) the ALJ failed to adequately explain the weight given to the opinion of Dr. Anderson.[3]

The Court disagrees with the Plaintiff's contention that the Magistrate Judge was overly deferential to the ALJ's findings. Nonetheless, in light of the nature of the Plaintiff's objection, the Court examines the Plaintiff's contentions regarding the medical opinion evidence. For this type of evidence, the ALJ "must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). "The opinion of a treating physician … 'must be given substantial or considerable weight unless "good cause" is shown to the contrary.'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). "When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate its reasons." *Id.* at 1241 (citation omitted).

First, as the Recommendation points out, the ALJ clearly articulated and explained her reasons for giving one of Dr. McCard's opinions less than substantial weight:

> Great weight is given to the treating source Mental Impairment Questionnaire by Ms. Fluellen and treating psychiatrist Dr. Ray McCard as it is consistent with the mental health treatment notes and the longitudinal record of evidence as a whole (Exhibit 7F). … I give less weight to the Mental Health Questionnaire dated January 29, 2009 at Exhibit 1F because the treatment notes from October 10, 2008 and January 27, 2009, as well as the mental status evaluation at pages 7-8 of that same exhibit do not support such severe limitations.

---

[2] Dr. DeGroot is a psychological consultative examiner.

[3] Dr. Anderson is a state agency reviewing physician.

(Doc. 11-3 at 18).  The Court agrees with the Recommendation that the ALJ's articulated reasons amount to "good cause" for doing so.[4]  In addition to the analysis in the Recommendation, the Eleventh Circuit has held an ALJ's articulated reasons that the treating physician's opinion conflicted with both his treatment notes and the claimant's testimony amounted to good cause to discount the treating physician's medical opinion.  *Phillips*, 357 F.3d at 1241.  Here, the ALJ stated the 2009 Mental Health Questionnaire conflicted with both Dr. McCard's treatment notes and with "the mental health status evaluation at pages 7-8 of that same exhibit."  (Doc. 11-3 at 18).

Further, as the Recommendation makes clear, the ALJ expressly accorded "some weight" to Dr. DeGroot's opinion and explained she accorded more weight to Dr. McCard's opinion because he was a treating physician.  (Doc. 11-3 at 18).  The Plaintiff cites *Markell v. Astrue*, 2007 WL 4482245 (M.D. Fla.) in support of her argument that the ALJ did not adequately explain the weight given to Dr. DeGroot's opinion.  But the facts are readily distinguishable.  In *Markell*, the court reversed the Commissioner's denial of benefits because the ALJ did not explain either the weight accorded to a consulting physician's opinion or the reason for according it that weight.  *See id.* at *3-*4.  In contrast, here the ALJ stated the weight given to Dr. DeGroot's opinion and explained her reasoning.  The Court agrees with the Recommendation that this explanation is sufficient.

---

[4] The Plaintiff contends the Recommendation misstates the holding of *Winschel* in its discussion of Dr. McCard's opinions.  While the facts of *Winschel* do not involve the inconsistency of a treating physician's opinion with his treatment notes, the Eleventh Circuit specifies that "[g]ood cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or *inconsistent with the doctor's own medical records*."  631 F.3d at 1179 (emphasis added) (internal quotation marks and citation omitted).  Though the focus on treatment notes is apparently a mystery to the Plaintiff, one of the ALJ's reasons for discounting this particular opinion is its inconsistency with Dr. McCard's treatment notes.  (Doc. 11-3 at 18).

Regarding Dr. Anderson's opinion, the ALJ expressly gave "great weight" to "[t]he State agency psychological consultants' mental assessments … because they are consistent with the record as a whole with the exception of the assessment of only mild limitations in sustain concentration, persistence and pace of Exhibit 4F (Exhibits 3F; 4F; 8F; 9F)."  (Doc. 11-3 at 18).  Though not mentioned by name, Dr. Anderson's "Mental Residual Functional Capacity Assessment" is Exhibit 9F.  *See* (Docs. 11-3 at 24; 11-9 at 2-5).  The Plaintiff cites no legal authority requiring the ALJ to specifically name the state agency consultants instead of citing their reports, and there does not appear to be such a requirement.

The Court has thoroughly considered the Plaintiff's objection and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.  Accordingly, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation is **ADOPTED** and made the order of this Court.  The decision of the Commissioner is **AFFIRMED**.

**SO ORDERED**, this 25th day of November, 2013.

> S/ Marc T. Treadwell
> MARC T. TREADWELL, JUDGE
> UNITED STATES DISTRICT COURT